# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Mag. No. 10-1002 (AMD) |
| | : | |
| BRYAN JACOBS | : | |

I, John Toney, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about September 23, 2006, in the District of New Jersey, and elsewhere, defendant Bryan Jacobs did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) and 2.

I further state that I am a Special Agent with the United States Secret Service, and that this complaint is based on the following facts:

SEE ATTACHMENT A

continued on the attached page and made a part hereof.

_____
John Toney, Special Agent
United States Secret Service

Sworn to before me and subscribed in my presence,
January 25, 2010, at Camden, New Jersey

HONORABLE ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

_____
Signature of Judicial Officer

CONTENTS APPROVED

UNITED STATES ATTORNEY,

BY: /s/ Howard Wiener
HOWARD WIENER
Assistant United States Attorney

Date: 1/25/10

## ATTACHMENT A

I, John Toney, a Special Agent with the United States Secret Service, having conducted an investigation and discussed this matter with other law enforcement officers who have participated in this investigation, have knowledge of the following facts:

1. The National Center for Missing and Exploited Children ("NCMEC") is a national clearinghouse that gathers information about missing and sexually exploited children for law enforcement use. As part of this function, upon receiving information regarding suspected child pornography offenses, NCMEC provides such information to law enforcement authorities.

2. In or around October 2008, law enforcement learned from NCMEC of a series of images of child pornography that had been discovered on the Internet. This series of images depicted an adolescent boy ("Child Victim"), who, from my training and experience, appears to be under the age of 18, engaged in various sexually explicit acts and poses. These images included Child Victim reclining on a chair, nude, with his penis fully erect; Child Victim posing in "thong" underwear; Child Victim bending over, nude, with his hands placed in a manner so as to expose his anus; and Child Victim posing, nude, with a foreign object, possibly a pen, inserted into his rectum.

3. Many of the images were superimposed with text that directed viewers of the images to a specific website located on MySpace.com ("MySpace Site 1"). Further investigation revealed that a MySpace.com "profile" was located at MySpace Site 1.[1] This profile contained images which appeared to be the same child depicted in the images of child pornography described above.

4. Law enforcement investigated further to determine what computers, assigned to which Internet Protocol ("IP") addresses, had accessed and modified MySpace Site 1. This investigation revealed that one such IP address resolved to an account held by William Jacobs, residing at an address in New Jersey. William Jacobs was identified as defendant Jacobs's father. Law enforcement learned that defendant Bryan Jacobs resided at the same address ("Defendant Jacobs's Home").

5. On or about June 25, 2009, law enforcement executed a search warrant at Defendant Jacobs's Home. Execution of that search warrant led to the seizure of numerous items, including several computers and other forms of digital media, which were located in defendant Jacobs's

---

[1] MySpace.com is a social networking website, which allows users to create a "profile" for themselves. This profile ordinarily consists of a homepage, on which the user can, among other things, upload images, text, and videos; invite others to become their "friends"; and have their "friends" post comments. MySpace.com also permits users to engage in instant messaging, or "chatting," where people can communicate with others in real time, just like telephone calls or face to face communications, albeit through typed messages.

bedroom.

6. Law enforcement then performed forensic examinations on the computers seized from Defendant Jacobs's Home. These examinations revealed that the seized computers, which had been assigned specific IP addresses, had been used to create and modify another account on MySpace.com ("MySpace Site 2").

7. Defendant Jacobs created MySpace Site 2 in the false persona of "Brianna," purportedly an 18 year old female from the Philadelphia area, complete with an image of a young woman who appeared to be in her late teens.

8. Additional forensic examination of materials seized from Defendant Jacobs's Home revealed that records of numerous "chats" had been saved on defendant Jacobs's computers. The precise dates and times of the chats were also saved on defendant Jacobs's computers, along with the contents of the chats.

9. Each such chat took place between an individual using the screen name "Brianna" and another individual. At the precise dates and times when those chats occurred, the IP addresses accessing MySpace Site 2 were assigned to the account held by defendant Jacobs's father at Defendant Jacobs's Home.

10. During the course of one such "chat," the individual chatting with defendant Jacobs mentioned his real name. Subsequently, law enforcement investigation confirmed that the individual chatting with defendant Jacobs was, in fact, the Child Victim – the child whose images were superimposed with the text directing viewers to "MySpace Site 1" and whose images appeared on MySpace Site 1. Further investigation has revealed that the Child Victim was approximately 13 years old at the time of the first such chat.

11. Those chats were sexually explicit. Moreover, during the course of numerous chats, defendant Jacobs encouraged and persuaded the Child Victim to engage in sexually explicit conduct, to create photographic images of himself engaging in this sexually explicit conduct, and to send the images of himself engaging in sexually explicit conduct to defendant Jacobs over the instant messaging medium.

12. For example, during one chat that took place on or about September 23, 2006, defendant Jacobs sent several pictures of "Brianna" to the Child Victim, at which point the Child Victim stated "when ur done showing me ur pics tell me what pics u want from me so i'll have them for later."[2] The following exchange takes place:

"Brianna": may I ask you.. do you have any borthers or sisters?
"Child Victim": sister

---

[2] In all quotations of chats, spelling and punctuation is in the original.

3

"Child Victim": and i have no limits
"Brianna": how old is ur sister?
"Child Victim": 15
"Brianna": anyway can you get some of her clothes?
"Child Victim": yea y?
"Brianna": I was going to ask you to take pics fo you wearing some of them
"Child Victim": liek?
"Child Victim": like?
"Brianna": panties, bra
"Brianna": dress
"Child Victim": she like onluy has thongs
"Brianna": that's good

The Child Victim then created and sent images of himself in womens' thong underwear to defendant Jacobs. From my training and experience, the images sent by the Child Victim are of an adolescent male who is under the age of 18. Then, defendant Jacobs threatened to show these images to the Child Victim's friends:

"Child Victim": yea but ur gonna show all of ur friends [the images]
"Child Victim": and i dont want that
"Brianna": not my friends
"Child Victim": i might still give u more
"Brianna": ur friends
"Brianna": ;)
"Child Victim": w/e
"Child Victim": wait
"Child Victim": what
"Brianna": lol
"Child Victim": ur kidding
"Child Victim": right?
"Brianna": no
. . .
"Child Victim": please dont
"Brianna": why shouldn't I?
"Child Victim": cause i trusted u
"Child Victim": that wojld be fucked up
"Child Victim": please
"Child Victim": just dont do i

Defendant Jacobs informs the Child Victim that if the Child Victim creates more images of himself and sends them to defendant Jacobs through the instant messaging medium, defendant Jacobs will not show the images to the Child Victim's friends. Defendant Jacobs then begins instructing the Child Victim on exactly what defendant Jacobs wants to see:

"Brianna": i want you to wear this [thong] again, i want to see all of u from the back, and i want u to look over your shoulder , so i can see yuor face
"Child Victim": ok
"Brianna": then i want you to bend over forward, and pull your ass cheeks apart, so i see your asshole
"Child Victim": ok
"Brianna": if your face aint in a pic, then it don't count
"Child Victim": ok
"Child Victim": when i open ass do u want thong on or off
"Brianna": on this both
"Brianna": both
"Child Victim": [sends defendant Jacobs several sexually explicit images]
. . .
"Child Victim": are those pics good?
"Brianna": yes
"Brianna": i want to see u use a pen
"Child Victim": in my ass?
"Child Victim": while spreading?
"Brianna": doesn't have to be spreading
. . .
"Child Victim": [sends defendant Jacobs sexually explicit image]

13. As part of the forensic review performed on materials seized from Defendant Jacobs's Home, I have examined numerous chats between defendant Jacobs and the Child Victim that were contained on defendant Jacobs's computers, including the images embedded within the chats. From my training and experience, numerous such images, including images from the chat excerpted above, appear to be child pornography.